Date signed May 31, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DONNA BONITA HEMSLEY | : | Case No. 06-11684PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JP MORGAN CHASE BANK | : | |
| c/o LITTON LOAN SERVICING, LP | : | |
| Movant | : | |
| vs. | : | |
| DONNA BONITA HEMSLEY | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court on May 23, 2006 on two matters. First is the motion filed on behalf of JP Morgan Chase Bank ("Chase") to annul the automatic stay of 11 U.S.C. § 362(a) so as to enable it to enforce its right under a Note and Deed of Trust secured by Debtor's property located at 2894 Scenic Meadow Street, Waldorf, Maryland, and for the imposition of an equitable servitude ("Chase's Motion"). Second is the motion filed by Debtor to make the stay of § 362(a) effective as to Chase ("Debtor's Motion"). Section 362(c)(3)(B) of the Bankruptcy Code provides:

> [O]n the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditor to be stayed . . .

While the hearing was held beyond the mandated 30-day period, the court finds that Debtor's Motion was timely filed, and the failure of the court to consummate the hearing within the 30-day period cannot be ascribed to the Debtor. The standard of proof is found in § 362(c)(3)(C) of the Bankruptcy Code that provides:

> [F]or purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-
> (I) as to all creditors, if-
> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> (bb) provide adequate protection as ordered by the court; or
> (cc) perform the terms of a plan confirmed by the court; or
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded-
> (aa) if a case under chapter 7, with a discharge; or
> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor . . .

The case is notable in that it is the sixth bankruptcy case filed by this Debtor since 2003.

**Case No. 03-14176**, filed April 9, 2003 under Chapter 13, was dismissed by Order of Court entered February 17, 2004, after confirmation of Debtor's Chapter 13 Plan was denied without leave to amend. Chase had filed a motion for relief from stay. Following defaults on post-petition payments, the parties entered into a Consent Order modifying the stay. Thereafter, an Affidavit of Default was filed by Chase, as well as Notice of Intent to Foreclose  By virtue of § 109(g) of the Bankruptcy Code, Debtor could not file another bankruptcy case before August 16, 2004.

However, Debtor did file **Case No. 04-26812** on July 14, 2004, also under chapter 13, presumably to forestall a foreclosure. Debtor also filed an Application to pay her filing fee in installments. She was unable to pay the filing fee in full. That case was dismissed by the court

by Order entered July 16, 2004 because Debtor was not eligible for relief under the Bankruptcy Code.

Debtor filed **Case No. 05-18566** on April 13, 2005 under Chapter 7. Her Chapter 7 discharge was entered July 22, 2005. Subsequently, on September 6, 2005, Debtor filed **Case No. 05-29999**, that by Order of court entered September 8, 2005, was consolidated under Case No. 05-18566 pursuant to Bankruptcy Rule 1015(a).

Debtor thereupon moved to convert Case No. 05-18566 to a case under 13 and that relief was granted by Order entered March 7, 2006. By Order entered March 30, 2006, on the Debtor's motion, Case No. 05-18566 was reconverted to a case under Chapter 7. That case is still pending. However, in that case there were two adversary proceedings filed against the Debtor.

In **Adversary No. 05-1718**, Ford Motor Credit Company was granted summary judgment by Order of court entered May 24, 2006, determining that the debt owed by Debtor as a result of a judgment entered October 7, 2004 by this court in Adversary No. 03-1483 was non-dischargeable. The Judgment in Adversary No. 03-1483 was entered for compensatory damages of $10,500.00, attorney's fees of $2,800.00 and punitive damages of $20,000.00. The underlying cause of action was based upon Debtor's sale of a motor vehicle belonging to Latasha LaVonne Bennett, a separate Chapter 7 debtor in Case No. 03-17361. Debtor sold the vehicle pursuant to an alleged mechanic's lien. The mechanic's lien was foreclosed in violation of the automatic stay of § 362(a) of the Bankruptcy Code. No appeal was taken from the judgment against Debtor.

In a second adversary proceeding filed by CitiFinancial Auto Corporation, **Adversary No. 05-1786**, Debtor was charged with the fraudulent scheme of using her automobile repair firm to obtain a "clean" title to an automobile for repairs that were never done. By Order entered May 2, 2006, the claim of CitiFinancial was determined to be non-dischargeable and judgment was imposed in the sum $24,600.00, plus attorney's fees and costs of $2,034.00.

On March 20, 2006, Debtor filed bankruptcy Case No. 06-11485. This case was dismissed on account of her failure to obtain required credit counseling under § 109(h) of the Bankruptcy Code.

The instant case was filed March 28, 2006. There is pending the Chapter 13 Trustee's Motion to Dismiss the case for failure to propose a Plan in good faith pursuant to § 1325(a)(7) of the Bankruptcy Code and for failure to provide, pursuant to § 521(e)(2)(A) of the Bankruptcy

Code, a copy of her tax return for the year 2005 so far or a transcript thereof. While the date for filing claims remains open, two claims have been filed; one by the holder of the claim secured by Debtor's residence, alleging prepetition arrearages of $79,582.90, and the other by CitiFinancial, alleging a claim secured by a motor vehicle in the sum of $44,302.60.

For the purposes of § 362(c)(3)(B) of the Bankruptcy Code, a case is presumptively filed not in good faith if it meets the standards set out in § 362(c)(3)(C). However, a debtor may rebut this by clear and convincing evidence to the contrary. Based upon the series of filings by this Debtor, and after a consideration of the totality of the circumstances presented, the court is unable to find that the Debtor has sustained her burden of proof. She has availed herself of the Bankruptcy process to keep the secured creditors at bay for more than three years, and, in the meantime, obtained a chapter 7 discharge of her unsecured debt that exceeded $70,000. There were no unsecured claims remaining, other than those judgments entered against her pursuant to § 523(a) of the Bankruptcy Code. The court will deny the motion of the Debtor to impose the stay of § 362(a) of the Bankruptcy Code as to her secured creditors.

The court further finds that § 362(d)(4) is not applicable to this case. There is no pleading in this case laying out any scheme to defraud. *See generally, In re Muhaimin*, ___ B.R. ___, 2006 WL 1153898, *4 (Bankr. D. Md. Apr. 25, 2006). However, the court will provide for an equitable servitude upon the Debtor's property for a period ending December 1, 2006.

Counsel for the secured creditor shall submit an appropriate order.

cc:
Donna B. Hemsley, P.O. Box 2592, Waldorf, MD 20603
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
John P. Panteleakis, Esq., 4520 East West Highway, Suite 200, Bethesda, MD 20814

**End of Memorandum**